This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Glenn Smith v. Nancy Durette, JDW International, Inc.

| | |
|---|---|
| Case Number | 67C01-2207-CT-000348 |
| Court | Putnam Circuit Court |
| Type | CT - Civil Tort |
| Filed | 07/12/2022 |
| Status | 07/27/2022 , Decided |

## Parties to the Case

Defendant   Durette, Nancy

<u>Attorney</u>
Corban Joseph Cavanaugh
*#3518346, Retained*

2211 Main ST
STE 3-2A
Highland, IN 46322
219-440-0600(W)

Defendant   JDW International, Inc.

<u>Attorney</u>
Corban Joseph Cavanaugh
*#3518346, Retained*

2211 Main ST
STE 3-2A
Highland, IN 46322
219-440-0600(W)

Plaintiff      Smith, Glenn

<u>Address</u>
c/o Isaacs & Isaacs, PSC
1601 Business Center Court
Louisville, KY 40229

<u>Attorney</u>
Kaitlin Coons Astorino
*#3255249, Retained*

Isaacs and Isaacs
1601 Business Center Court
Louisville, KY 40299
502-458-1000(W)

## Chronological Case Summary

07/12/2022   **Case Opened as a New Filing**

EXHIBIT 3

07/12/2022    **Complaint/Equivalent Pleading Filed**

Complaint

| | |
|---|---|
| Filed By: | Smith, Glenn |
| File Stamp: | 07/12/2022 |

07/12/2022    **Appearance Filed**

Appearance Kaitlin Coons Astorino

| | |
|---|---|
| For Party: | Smith, Glenn |
| File Stamp: | 07/12/2022 |

07/12/2022    **Subpoena/Summons Filed**

Summons JDW International, Inc.

| | |
|---|---|
| Filed By: | Smith, Glenn |
| File Stamp: | 07/12/2022 |

07/12/2022    **Subpoena/Summons Filed**

Summons Nancy Durette

| | |
|---|---|
| Filed By: | Smith, Glenn |
| File Stamp: | 07/12/2022 |

07/26/2022    **Appearance Filed**

Appearance of Corban Cavanaugh

| | |
|---|---|
| For Party: | Durette, Nancy |
| For Party: | JDW International, Inc. |
| File Stamp: | 07/26/2022 |

07/26/2022    **Notice Filed**

Notice of Filing Notice of Removal

| | |
|---|---|
| Filed By: | Durette, Nancy |
| Filed By: | JDW International, Inc. |
| File Stamp: | 07/26/2022 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Smith, Glenn**

Plaintiff

**Balance Due** (as of 07/27/2022)

0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 07/12/2022 | Transaction Assessment | 157.00 |
| 07/12/2022 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

Filed: 7/12/2022 7:32 AM
Clerk
Putnam County, Indiana

Putnam Circuit Court

IN THE _____ COURT FOR PUTNAM COUNTY
STATE OF INDIANA

GLENN E. SMITH    ,                          )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )
                                             )
NANCY E. DURETTE                             )    CAUSE NO. 67C01-2207-CT-000348
                                             )
and                                          )
                                             )
JDW INTERNATIONAL, Inc.                      )
                                             )
        serve:  Process Agent Service Company )
                Daniel Bradford              )
                11940 Pebblepointe Pass      )
                Carmel, IN 46033             )
                                             )
                    Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Glenn E. Smith by and through counsel, and for his Complaint

and causes of action against Defendants Nancy E. Durette and JDW International. and hereby

states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff Glenn E. White, is, and was at all times relevant herein, a resident of

Marion County, State of Indiana.

2.      That Defendant, JDW International, Inc. (hereinafter also referred to as "JDW"), is

and was at all times relevant herein a foreign for-profit corporation with its principal place of

business located at 21 Ube Drive Sarnia, Ontario Canada, which was conducting business in the

state of Indiana with a registered agent located at 11740 Pebblepointe Pass Carmel, IN 46033.

3.      Defendant Nancy E. Durette, (hereinafter also referred to as "Durette" upon

information or belief is or at all times relevant was a resident of Sarina, Ontario, Canada.

4.      The incident giving rise to this action occurred in Putnam County, Indiana, and the damages are in excess of the jurisdictional limits of this Court.

5.      That on or about the 31st day of May 2022, Plaintiff Glenn E. Smith was operating his vehicle with all due care on a public roadway in Washington Township, Putnam County, Indiana.

6.      That on that date and at the place set forth above, Nancy E. Durette was operating her vehicle in such a negligent manner so as to cause a collision with the Plaintiffs vehicle, thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

7.      Upon information or belief, the semi being operated by Defendant Nancy E. Durette has a Gross Vehicle Weight Rating of between 26001+ pounds and is a commercial motor vehicle under 49 C.F.R. 390.5 and Indiana Code § 8-2.1-24-18(a).

8.      The violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390 et seq. set forth herein—which are made applicable in relevant part by Indiana Code § 9-2.1-24-18(a)—constitute negligence per se and, in the alternative, evidence of violation of the applicable standard of care.

## CLAIMS AGAINST NANCY E. DURETTE
## COUNT I: NEGLIGENCE

16.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

17.     That as a direct and proximate result of the negligence of Defendant Nancy E. Durette in operating her motor vehicle, Plaintiff was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by Plaintiff, he has been caused to suffer pain, suffering,

2

mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

18.    That as a direct result of the negligence of Defendant Nancy E. Durette in operating her motor vehicle, Plaintiff has incurred, and will incur in the future, medical expenses and physician expenses.

19.    That as a direct and proximate result of the negligence of Nancy E. Durette in operating her motor vehicle, Plaintiff has been caused to suffer damages in excess of the jurisdictional limits of the Court.

## CLAIMS AGAINST JDW International, Inc.
## COUNT II RESPONDENT SUPERIOR

20.    Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

21.    Upon information and belief, that on the date and time of the negligent actions of Defendant Nancy E. Durette, Defendant JDW International, Inc. is, and was the owner of the vehicle being operated by Defendant Durette.

22.    That on the date and time of the negligent actions of Defendant Durette, said Defendant was acting with the course and scope of her employment with Defendant JDW.

23.    As a direct and proximate result of the negligence of Defendant Durette in operating the vehicle in the scope of her employment, the doctrine of *Respondent Superior* applies and transfers liability to Defendant JDW International, Inc.

## COUNT III: NEGLIGENT HIRING AND RETENTION

3

24.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

25.     That Defendant JDW knew or should have known through the use of ordinary care when it hired Defendant Durette that said Defendant was negligent and/or careless.

26.     That Defendant JDW, upon the use of ordinary care in determining that Defendant Durette was negligent and/or careless, was negligent in retaining Defendant Durette as an employee and allowing said employee to continue to operate its vehicle in such a negligent manner as to cause it to collide with Plaintiff, thereby causing Plaintiff to suffer severe bodily injuries.

## COUNT VI: NEGLIGENT SUPERVISION AND TRAINING

27.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

28.     That Defendant JDW International has a duty to ensure that its employees are properly trained, licensed, and qualified.

29.     That Defendant JDW failed to properly train and/or supervise Defendant Durette to safely operate its vehicle on the aforementioned date.

30.     That as a direct and proximate result of the negligence of Defendant JDW in failing to properly train and/or supervise Defendant Durette, Plaintiff has sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; has suffered loss to property and has incurred a permanent impairment of her power to labor and earn money.

31.     As direct proximate result of the negligence of the Defendant JDW International, Inc. in training and/or supervising Defendant Durette, Plaintiff has been caused to suffer

4

damages in excess of the jurisdictional limits of this Court.

**WHEREFORE,** the Plaintiff Glenn E. Smith, by counsel, requests a judgement against the Defendants Nancy E. Durette and JDW International, Inc in favor of the Plaintiff in an amount reasonably calculated to compensate Plaintiff for her damages including:

Judgment for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate Plaintiff Glenn E. Smith for his damages, to include:

        a.  Past and future medical expenses;

        b.  Past and future physical and mental pain, suffering, anguish and inconvenience;

        c.  Lost wages; and

        d.  Diminished capacity to labor and earn income.

2.      Prejudgment interest;

3.      Interest on any amount to which Plaintiff may be adjudicated to be entitled to accrue from the date of the filing of her action until paid;

4.      Costs herein expended;

5.      Attorneys fees;

6.      Punitive damages;

7.      Trial by jury; and

8.      Any and all other appropriate relief to which Plaintiff may appear to be justly entitled.

**Respectfully Submitted,**

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49
1601 Business Center Court
Louisville, KY 40299
Telephone: (502) 458-1000
*Counsel for Plaintiff*

5

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff Glenn E. Smith and  hereby demands a trial by jury on all issues so triable.

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49

6

IN THE _____ COURT FOR

PUTNAM COUNTY
STATE OF INDIANA

| | |
|---|---|
| GLENN E. SMITH | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) |
| NANCY E. DURETTE | )    CAUSE NO.  67C01-2207-CT-000348 |
| | )            _____ |
| and | ) |
| | ) |
| JDW INTERNATIONAL, Inc. | ) |
| | ) |
|    serve:  Process Agent Service Company | ) |
|            Daniel Bradford | ) |
|            11940 Pebblepointe Pass | ) |
|            Carmel, IN 46033 | ) |
| | ) |
|           Defendants | |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

*** *** *** *** ***

**Party Classification:** INITIATING

    1.    The undersigned attorney and all attorneys listed on this form now appear in this

case for the following party member(s): **Glenn E. Smith**

    2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and

for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | |
|---|---|---|
| Name: | Kaitlin Coons Astorino<br>ISAACS & ISAACS, PSC | ATTY NO. 32552-49 |
| Address: | 1601 Business Center Court<br>Louisville, Kentucky 40299 | PHONE: (502) 458-1000<br>FAX:    (502) 454-5512 |

    3.    There are other party members:    NO

4.    If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5.    I will accept FAX service at above noted number: **NO**

6.    This case involves support issues.  **NO**

7.    There are related cases: NO

8.    This form has been served on all other parties.  Certificate of service is attached:

**YES  X**

9.    Additional information required by local rule: _____

/s/Kaitlin Coons Astorino
Kaitlin Coons Astorino
Indiana Bar No. 32552-49
Isaacs & Isaacs, PSC
1601 Business Center Court
Louisville, Kentucky 40229
Phone: (502) 458-1000

IN THE _____ COURT FOR

PUTNAM COUNTY
STATE OF INDIANA

GLENN E. SMITH                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )
                                        )
NANCY E. DURETTE                        )        CAUSE NO. <u>67C01-2207-CT-000348</u>
                                        )        _____
and                                     )
                                        )
JDW INTERNATIONAL, Inc.                 )
                                        )
       serve:  Process Agent Service Company  )
               Daniel Bradford          )
               11940 Pebblepointe Pass  )
               Carmel, IN 46033         )
                                        )
              Defendants                )

## SUMMONS

THE STATE OF INDIANA TO:     JDW International, Inc.
                      serve: Process Agent Service Company
ADDRESS:                     11940 Pebblepointe Pass
                             Carmel, IN 46033

You are hereby notified that you have been sued by the person(s) or entity(ies) named as
Plaintiff(s) in the court and case number indicated in the above caption.
       The Plaintiff is represented in this action by: Kaitlin Coons Astorino Isaacs & Isaacs,
P.S.C., 1601 Business Center Court, Louisville, Kentucky 40299, telephone: (502) 458-1000.
       The nature of the suit against you is stated in the complaint that is attached to this summons.
It also states the relief sought or the demand made against you by the Plaintiff.
       An answer or other appropriate response in writing to the complaint must be filed either by
you or your attorney within twenty (20) days, commencing the day after you receive this summons
*(or twenty-three (23) days if this summons was received by mail)*, or a judgment by default may
be rendered against you for relief demanded by Plaintiff.

       The following manner of service of Summons is hereby designated: **CERTIFIED MAIL**

              Dated: 7/12/2022

              _____
              Putnam County Clerk (Seal)

                                        SEAL
                                        INDIANA

IN THE _____ COURT FOR PUTNAM COUNTY
STATE OF INDIANA

| | | |
|---|---|---|
| GLENN E. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY E. DURETTE | ) | CAUSE NO.  67C01-2207-CT-000348 |
| | ) | |
| and | ) | |
| | ) | |
| JDW INTERNATIONAL, Inc. | ) | |
| | ) | |
| serve:  Process Agent Service Company | ) | |
| Daniel Bradford | ) | |
| 11940 Pebblepointe Pass | ) | |
| Carmel, IN 46033 | ) | |
| | ) | |
| Defendants | | |

## SUMMONS

THE STATE OF INDIANA TO:    Nancy E. Durette

ADDRESS:                    404-325 Willowdale-Cres
                            Sarina, Ontario Canada
                            N7T 7R2

You are hereby notified that you have been sued by the person(s) or entity(ies) named as Plaintiff(s) in the court and case number indicated in the above caption.

The Plaintiff is represented in this action by: Kaitlin Coons Astorino Isaacs & Isaacs, P.S.C., 1601 Business Center Court, Louisville, Kentucky 40299, telephone: (502) 458-1000.

The nature of the suit against you is stated in the complaint that is attached to this summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this summons *(or twenty-three (23) days if this summons was received by mail)*, or a judgment by default may be rendered against you for relief demanded by Plaintiff.

The following manner of service of Summons is hereby designated: **CERTIFIED MAIL**

Dated: _____7/12/2022_____

Putnam County Clerk *(Seal)*

SEAL

Filed: 7/26/2022 3:01 Pl
Cler
Putnam County, Indian

| STATE OF INDIANA | ) | IN THE PUTNAM CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF PUTNAM | ) | |

GLENN E. SMITH,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )   Cause No.  67C01-2207-CT-000348
NANCY E. DURETTE and JDW                 )
INTERNATIONAL, INC.                      )
                                         )
        Defendants.                      )
                                         )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification: Initiating ☐  Responding ☒  Intervening ☐

     1.     The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): **NANCY E. DURETTE and JDW INTERNATIONAL, INC.**

     2.     Applicable attorney information for service as required by Trial Rule 5(B) (2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| Name: | Corban J. Cavanaugh | Atty No. | 35183-46 |
|---|---|---|---|
| Address: | Lewis Brisbois Bisgaard & Smith LLP | Phone: | 219.440.0600 |
| | 2211 Main Street, Suite 3-2A | Direct: | 219.440.0621 |
| | Highland, IN 46322 | FAX: | 219.440.0601 |
| | | E-mail: | Corban.Cavanaugh@lewisbrisbois.com |

     3.     There are other party members:  Yes ☐ No ☒ (If yes, list on continuation page.) All Parties listed above.

     4.     If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b) (3):

     5.     I will accept service by FAX at the above noted number: Yes ☐  No ☒.

     6.     This case involves support issues.  Yes ☐ No ☒ (If yes, supply social security numbers for all family members on continuation page.)

     7.     There are related cases:  Yes ☐ No ☒ (If yes, list on continuation page.)

     8.     This form has been served on all other parties.  Certificate of Service is attached: Yes ☒ No ☐

     9.     Additional information required by local rule: _____

        */s/ Corban J. Cavanaugh*
        Attorney-at-Law
        Attorney information shown above

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 26th day of July, 2022, a copy of the foregoing Appearance was filed electronically via Efile.incourts.gov. Notice of this filing will be sent to all Counsel of Record via the Court's electronic filing system.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Corban J. Cavanaugh*

Filed: 7/26/2022 3:01 PI
Clei
Putnam County, Indian

| STATE OF INDIANA | ) | | IN THE PUTNAM CIRCUIT COURT |
|---|---|---|---|
| | ) SS: | | |
| COUNTY OF PUTNAM | ) | | |

| | | |
|---|---|---|
| GLENN E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 67C01-2207-CT-000348 |
| NANCY E. DURETTE and JDW | ) | |
| INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on July 25, 2022, Defendants, JDW INTERNATIONAL, INC., and NANCEY E. DURETTA, filed a Notice of Removal via electronic filing to remove this case to the United States District Court for the Southern District of Indiana, Terre Haute Division. A true and accurate copy of the Notice of Removal is attached to this filing as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C.S. § 1441, the filing of this Notice removes this action to the Federal Court and this Court "may proceed no further unless and until the case is remanded."

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ *Corban J. Cavanaugh*
  Corban J. Cavanaugh (#35183-46)
  2211 Main Street, Suite 3-2A
  Highland, IN 46322
  T: 219.440.0600 | F: 219.440.0601
  Corban.Cavanaugh@lewisbrisbois.com
  *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 26th day of July, 2022, a copy of the foregoing document was filed electronically via Efile.incourts.gov. Notice of this filing will be sent to all Counsel of Record via the Court's electronic filing system.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  *s/ Corban J. Cavanaugh*
         Corban J. Cavanaugh

Case 2:22-cv-00299-JPH-DLP Document 1 Filed 07/25/22 Page 1 of 3 PageID #: Filed 7/26/2022 3:01 PI
Case 2:22-cv-00299-JPH-MKR Document 9 Filed 07/27/22 Page 18 of 30 PageID #: Clei
65                                                                          Putnam County, Indian

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA, TERRE HAUTE DIVISION

| | |
|---|---|
| GLENN E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:22-cv-00299 |
| | ) |
| JDW INTERNATIONAL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, JDW International, Inc. ("JDW") and Nancy E. Durette ("Ms. Durette"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby remove this action from the Circuit Court for Putnam County, Indiana, to the United States District Court for the Southern District of Indiana. As grounds for this removal, defendants state as follows:

1.     On July 12, 2022, plaintiff filed a Complaint in the Circuit Court for Putnam County, Indiana, entitled *Glenn E. Smith v. JDW International, Inc., et al.* (*See* Exhibit 1).

2.     Plaintiff generally avers that he suffered severe personal injuries resulting from a May 31, 2022 motor vehicle collision in Putnam County, Indiana with a vehicle owned by JDW and operated by Ms. Durette. (*Id.*).

3.     Plaintiff further avers that he "was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by Plaintiff, he has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future." (*Id.* at ¶17).

4.     Moreover, plaintiff avers that he "has sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will

EXHIBIT A

continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; has suffered loss to property and has incurred a permanent impairment of her power to labor and earn money. (*Id.* at ¶30).

5.      Plaintiff has demanded settlement for amounts in excess of $75,000.00.

6.      Plaintiff is a resident and citizen of Indiana. (*Id.* at ¶1).

7.      JDW is a company that is organized and existing under the laws of Ontario, Canada. (*See* Exhibit 2 at ¶3).

8.      For purposes of determining diversity jurisdiction, JDW is a citizen of Ontario, Canada because its principal place of business, offices and distribution center are located in Ontario, Canada. (*Id.* at ¶¶4-5).

9.      The vehicle operated by Nancy E. Durette at the time of the May 31, 2022 motor vehicle accident described in the Plaintiff's Complaint, was owned by JDW. (*Id.* at ¶10).

10.     On May 31, 2022, while engaged in the activity described in the Complaint in this matter, Ms. Durette was an employee of JDW. (*Id.* at ¶8).

11.     Ms. Durette resides in and is a citizen of Ontario, Canada. (*Id.* at ¶9).

12.     Here, there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1441(b).

13.     By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs. Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

14.     Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by the defendants, through service or

otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Moreover, this Notice of Removal was filed within one year after commencement of the action.

15.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, defendants are serving a copy of this Notice of Removal upon plaintiff and filing a copy with the Clerk of the Circuit Court for Putnam County, Indiana.

16.     Defendants reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

17.     Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction, venue or service of process. Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants, JDW International, Inc. and Nancy E. Durette, hereby give notice of the removal of the above-referenced action now pending in the Circuit Court for Putnam County, Indiana, to the United States District Court for the Southern District of Indiana.

Respectfully submitted,

JDW International, Inc. and Nancy E. Durette,

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
(312) 463-3329 Direct                   By:/s/ *Michael T. Franz*
(312) 345-1778 Fax                              One of Defendants' Attorneys
Michael.Franz@lewisbrisbois.com

Date: July 25, 2022

*Attorneys for Defendants*

75944-44

3

IN THE _____ COURT FOR PUTNAM COUNTY
STATE OF INDIANA

GLENN E. SMITH    ,                          )
                                             )
              Plaintiff,                     )
                                             )
      v.                                     )
                                             )
NANCY E. DURETTE                             )     CAUSE NO.  67C01-2207-CT-000348
                                             )
and                                          )
                                             )
JDW INTERNATIONAL, Inc.                      )
                                             )
      serve: Process Agent Service Company   )
             Daniel Bradford                 )
             11940 Pebblepointe Pass         )
             Carmel, IN 46033                )
                                             )
              Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Glenn E. Smith by and through counsel, and for his Complaint and causes of action against Defendants Nancy E. Durette and JDW International. and hereby states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.       Plaintiff Glenn E. White, is, and was at all times relevant herein, a resident of Marion County, State of Indiana.

2.       That Defendant, JDW International, Inc. (hereinafter also referred to as "JDW"), is and was at all times relevant herein a foreign for-profit corporation with its principal place of business located at 21 Ube Drive Sarnia, Ontario Canada, which was conducting business in the state of Indiana with a registered agent located at 11740 Pebblepointe Pass Carmel, IN 46033.

3.       Defendant Nancy E. Durette, (hereinafter also referred to as "Durette" upon

information or belief is or at all times relevant was a resident of Sarina, Ontario, Canada.

4.    The incident giving rise to this action occurred in Putnam County, Indiana, and the damages are in excess of the jurisdictional limits of this Court.

5.    That on or about the 31st day of May 2022, Plaintiff Glenn E. Smith was operating his vehicle with all due care on a public roadway in Washington Township, Putnam County, Indiana.

6.    That on that date and at the place set forth above, Nancy E. Durette was operating her vehicle in such a negligent manner so as to cause a collision with the Plaintiffs vehicle, thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

7.    Upon information or belief, the semi being operated by Defendant Nancy E. Durette has a Gross Vehicle Weight Rating of between 26001+ pounds and is a commercial motor vehicle under 49 C.F.R. 390.5 and Indiana Code § 8-2.1-24-18(a).

8.    The violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390 et seq. set forth herein—which are made applicable in relevant part by Indiana Code § 9-2.1-24-18(a)—constitute negligence per se and, in the alternative, evidence of violation of the applicable standard of care.

## CLAIMS AGAINST NANCY E. DURETTE
## COUNT I: NEGLIGENCE

16.    Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

17.    That as a direct and proximate result of the negligence of Defendant Nancy E. Durette in operating her motor vehicle, Plaintiff was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by Plaintiff, he has been caused to suffer pain, suffering,

2

mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

18.    That as a direct result of the negligence of Defendant Nancy E. Durette in operating her motor vehicle, Plaintiff has incurred, and will incur in the future, medical expenses and physician expenses.

19.    That as a direct and proximate result of the negligence of Nancy E. Durette in operating her motor vehicle, Plaintiff has been caused to suffer damages in excess of the jurisdictional limits of the Court.

**CLAIMS AGAINST JDW International, Inc.**
**COUNT II RESPONDENT SUPERIOR**

20.    Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

21.    Upon information and belief, that on the date and time of the negligent actions of Defendant Nancy E. Durette, Defendant JDW International, Inc. is, and was the owner of the vehicle being operated by Defendant Durette.

22.    That on the date and time of the negligent actions of Defendant Durette, said Defendant was acting with the course and scope of her employment with Defendant JDW.

23.    As a direct and proximate result of the negligence of Defendant Durette in operating the vehicle in the scope of her employment, the doctrine of *Respondent Superior* applies and transfers liability to Defendant JDW International, Inc.

**COUNT III: NEGLIGENT HIRING AND RETENTION**

3

24.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

25.     That Defendant JDW knew or should have known through the use of ordinary care when it hired Defendant Durette that said Defendant was negligent and/or careless.

26.     That Defendant JDW, upon the use of ordinary care in determining that Defendant Durette was negligent and/or careless, was negligent in retaining Defendant Durette as an employee and allowing said employee to continue to operate its vehicle in such a negligent manner as to cause it to collide with Plaintiff, thereby causing Plaintiff to suffer severe bodily injuries.

## COUNT VI: NEGLIGENT SUPERVISION AND TRAINING

27.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

28.     That Defendant JDW International has a duty to ensure that its employees are properly trained, licensed, and qualified.

29.     That Defendant JDW failed to properly train and/or supervise Defendant Durette to safely operate its vehicle on the aforementioned date.

30.     That as a direct and proximate result of the negligence of Defendant JDW in failing to properly train and/or supervise Defendant Durette, Plaintiff has sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; has suffered loss to property and has incurred a permanent impairment of her power to labor and earn money.

31.     As direct proximate result of the negligence of the Defendant JDW International, Inc. in training and/or supervising Defendant Durette, Plaintiff has been caused to suffer

4

damages in excess of the jurisdictional limits of this Court.

**WHEREFORE,** the Plaintiff Glenn E. Smith, by counsel, requests a judgement against the Defendants Nancy E. Durette and JDW International, Inc in favor of the Plaintiff in an amount reasonably calculated to compensate Plaintiff for her damages including:

Judgment for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate Plaintiff Glenn E. Smith for his damages, to include:

     a.  Past and future medical expenses;

     b.  Past and future physical and mental pain, suffering, anguish and inconvenience;

     c.  Lost wages; and

     d.  Diminished capacity to labor and earn income.

2.     Prejudgment interest;

3.     Interest on any amount to which Plaintiff may be adjudicated to be entitled to accrue from the date of the filing of her action until paid;

4.     Costs herein expended;

5.     Attorneys fees;

6.     Punitive damages;

7.     Trial by jury; and

8.     Any and all other appropriate relief to which Plaintiff may appear to be justly entitled.

**Respectfully Submitted,**

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49
1601 Business Center Court
Louisville, KY 40299
Telephone: (502) 458-1000
*Counsel for Plaintiff*

5

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff Glenn E. Smith and  hereby demands a trial by jury on all issues

so triable.

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA, TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GLENN E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | |
| JDW INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF VICTORIA DIACONESCU

I, Victoria Diaconescu, under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, certify that the statements set forth herein are true and correct and that, if called upon to testify in the above-captioned case, I could competently testify to the following statements based upon my personal knowledge.

1.     I am the Controller of JDW International, Inc. ("JDW"), a trucking company located in Ontario, Canada.

2.     I am familiar with the history, organization and activities of JDW, a company that is engaged in the trade or business of providing transportation, warehousing and distribution services.

3.     JDW is a company that is organized and existing under the laws of Ontario, Canada.

4.     JDW's principal place of business is located in Ontario, Canada.

5.     JDW's offices and distribution center are located in Ontario, Canada.

6.     In my position as Controller of JDW, I am also familiar with its corporate records and documents, which include records of JDW's ownership and leasing of commercial trucking vehicles, employees and records related to transportation and delivery.

7.      I have reviewed the Complaint in this matter, which generally alleges that plaintiffs suffered personal injuries and property damages resulting from a May 31, 2022 motor vehicle collision with a vehicle operated by Nancy E. Durette ("Ms. Durette") and owned by JDW.

8.      On May 31, 2022, while engaged in the activity described in the Complaint in this matter, Ms. Durette was an employee of JDW.

9. I reviewed Ms. Durette's employment file with JDW and confirmed that she is a citizen of and resides in Ontario, Canada.

10.     I also reviewed JDW's records related to vehicle ownership and found that the vehicle operated by Ms. Durette at the time of the May 31, 2022 motor vehicle accident described in the Plaintiff's Complaint was owned by JDW.

                                    Victoria Diaconescu

JS 44   (Rev. 04/21) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Glenn E. Smith,

**(b)** County of Residence of First Listed Plaintiff   Marion County, Indiana
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kaitlin Coons Astorino, 1601 Business Center Ct., Louisville, KY 40299 T
(502) 458-1000, kaitlin@isaacsandisaacs.com

**DEFENDANTS**

JDW International, Inc. and Nancy E. Durette,

County of Residence of First Listed Defendant   Ontario, Canada
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Michael T. Franz, Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300, Chicago, Illinois 60661
(312) 463-3329, Michael.Franz@lewisbrisbois.com

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a) and 1441(b)
Brief description of cause:
Automobile negligence.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   75,000.00 In excess of

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   07/25/2022

SIGNATURE OF ATTORNEY OF RECORD   *Michael T. Franz*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.