UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GLENN E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00299-JPH-MKK |
| ) | |
| JDW INTERNATIONAL, INC., ) | |
| NANCY DURETTE, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Glenn Smith's pickup truck crashed into the back of Nancy Durette's semi-truck in a construction zone on Interstate 70 in Indiana. Mr. Smith sued Ms. Durette and the company she was driving for that day, JDW International, Inc., alleging negligence. Defendants have filed a motion for summary judgment. Dkt. [48]. Because there are genuine disputes of material fact as to the circumstances preceding the collision, that motion is **DENIED**.

## I.
## Facts and Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

On a clear, dry day in May 2022, Mr. Smith was towing a 39-foot RV with his Ford Pickup truck. Dkt. 49-3 at 27, 29 (Smith Tr. 27:5–11, 29:19–20, 30:6–13). He was in Indiana heading west on I-70 in the left lane of the two-

1

lane highway, traveling between 55 and 60 miles per hour. *Id.* at 31–33 (Smith Tr. 29:6–9, 31:24–32:9, 33:15–17).[1] As Mr. Smith approached a work zone, Ms. Durette, a commercial driver in a semi-truck with a loaded trailer, passed Mr. Smith in the right lane. *Id.* at 33 (Smith Tr. 33:15 –25). Mr. Smith testified that Ms. Durette then "veered in front of [him]" in the left lane, and then "just stop[ped]." *Id.* at 32–34 (Smith Tr. 32, 33:18–21, 34:15–17). Mr. Smith rear-ended Ms. Durette's trailer. *Id.* at 33 (Smith Tr. 33:1–4).

In support of their motion for summary judgment, Defendants designate a video clip from Ms. Durette's dashboard video camera. It starts with her already in the left lane, traveling 61 miles per hour. For three seconds she decreases her speed, coming to a complete stop just as the RV in front of her stops. Two seconds after her stop (and five seconds into the video), the video shakes, indicating that Ms. Durette's truck has been hit. Dkt. 50. *See also* dkt. 49-3 at 33 (Smith Tr. 33:1–4).

Based on this collision, Mr. Smith sued Ms. Durette for negligence and her employer, JDW International, Inc., for (1) negligence on a theory of respondeat superior, (2) negligent hiring and retention, and (3) negligent supervision. Dkt. 1-1. Defendants moved for summary judgment in July 2023. Later, the parties filed a joint stipulation to dismiss the claims alleging

---

[1] Mr. Smith testifies inconsistently regarding what lane he was in. *Compare id.* at 32 (Smith Tr. 32:2–4) *with id.* at 39 (Smith Tr. 39:5–7). Smith's initial testimony is consistent with video evidence that the accident occurred in the left lane and with Ms. Durette's testimony on the location of the cars, dkt. 49-5 at 7 (Durette Tr. 23:13–25).

2

negligent hiring and retention and negligent supervision as well as claims for punitive damages, dkt. 68, leaving only the negligence claim.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). But "where a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment." *McCottrell v. White*, 933 F.3d 651, 661 n.9 (7th Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)). That said, "[i]t should be considered a rare case where video evidence leaves no room for interpretation

3

by a fact finder." *Kailin v. Village of Gurnee*, 77 F.4th 476, 481 (7th Cir. 2023) (collecting cases when video was not dispositive).

## III.
## Analysis

### A. Admissibility of designated evidence

Mr. Smith challenges the admissibility of several exhibits designated by Defendants in support of their motion for summary judgment:

1. Dashboard camera video clip, dkt. 50 (manual filing); dkt. 51.

2. The crash report, dkt. 49-1.

3. The claims report, dkt. 49-2.

Dkt. 58 at 6–9.

First, the video clip. Defendants have designated a clip approximately one minute long, but only the first 5 seconds depict events that occurred before Mr. Smith rear-ended Ms. Durette's trailer. Dkt. 50; dkt. 51. Mr. Smith argues that the clip is inadmissible under Federal Rule of Evidence 106 because it shows only what happened in the left lane immediately before the collision and does not show Ms. Durette moving from the right lane into the left lane. Dkt. 58 at 8–9. He contends that because Ms. Durette testified that the dash camera records continuously, dkt. 49-5 at 5 (Durette Dep. 16:1–6), the entire sequence of events leading up to the collision—including Ms. Durette changing lanes—should have been recorded and made part of the record. Dkt. 58 at 8–9.

Under Federal Rule of Evidence Rule 106, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that

time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Rule 106's remedy is thus to allow the objecting party to include additional evidence. So, an objection under Rule 106 is ordinarily not a basis for the exclusion of evidence.[2] Mr. Smith does not otherwise challenge the video clip's admissibility at this stage, so the Court considers it in evaluating Defendants' motion for summary judgment.

Regarding the crash report and claim report, Mr. Smith objects to both as hearsay. Dkt. 58 at 8–9. Defendants rely on the crash report for its statement that Mr. Smith "was following too closely," dkt. 49-1 at 1, and the claim report for its statement that Mr. Smith began braking "0.5 seconds prior to impact," dkt. 49-4 at 1—so they use both reports for the truth of the matter asserted, meeting Federal Rule of Evidence 801(c)'s definition of hearsay. Despite Mr. Smith's objections, Defendants did not file a reply in support of their motion for summary judgment, thereby leaving the hearsay challenges unrebutted. *See Fournoy v. City of Chicago*, 829 F.3d 869, 876 (7th Cir. 2016). Therefore, the Court does not consider these reports in evaluating Defendants' motion for summary judgment.

---

[2] The non-binding criminal cases Mr. Smith cites do not hold otherwise. *See United States v. Yevakpor*, 419 F. Supp. 2d 242, 252 (N.D.N.Y. 2006); *United States v. Webber*, 255 F.3d 523, 526 (8th Cir. 2001). In *Yevakpor*, the district court excluded evidence under the Federal Rules of Criminal Procedure as a result of the government's deliberate destruction of relevant evidence. 419 F. Supp. 2d at 252. And in *Webber*, the Eighth Circuit affirmed a district court's decision to allow the government to present selection from a series of recorded conversations over the defendant's objection. 255 F.3d at 526.

### B. Summary judgment

Indiana law governs Mr. Smith's claims, so the Court is obligated to attempt to resolve issues of Indiana law in the same manner as would the Indiana Supreme Court. *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021). In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

Defendants argue that the undisputed designated evidence demonstrates that Ms. Durette did not breach her duty to Mr. Smith or proximately cause his injuries because she maintained adequate space between her truck and the RV in front of her after she merged into the left lane. Dkt. 49 at 6–7. Mr. Smith responds that Ms. Durette breached her duty by suddenly veering in front of him without maintaining sufficient space between her vehicle and the vehicle in front of her and then coming to a sudden stop. Dkt. 58 at 4–5.

The tort of negligence under Indiana law consists of "three elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff proximately caused by the defendant's breach." *Looney v. Nestle Waters N. Am., Inc.*, 187 N.E.3d 867, 872 (Ind. Ct. App. 2022). In the context of driving, Indiana law requires that drivers operate their motor vehicles on public roadways with reasonable care. *City of Wakarusa v. Holdeman*, 582 N.E.2d 802, 804 (Ind. 1991). Reasonableness depends on "the circumstances of [the] case." *Id.*

Here, there is a triable issue of fact about whether Ms. Durette left enough space for Mr. Smith to stop without rear-ending her truck when she

merged into the left lane. *Zink v. Radewald*, 369 F.2d 255, 256 (7th Cir. 1996) (reversing a directed verdict when there was evidence supporting an inference that a party failed to "keep at such distance . . . as reason and prudence dictated under the existing traffic conditions"). In their depositions, Ms. Durette and Mr. Smith offered opposite views of what happened in the moments before the collision. Mr. Smith testified that Ms. Durette veered in front of him and then suddenly stopped. Dkt. 49-3 at 32, 33 (Smith Tr. 32, 33:18–21). Ms. Durette testified that she put her blinkers on, carefully merged, and traveled a couple hundred feet without incident before the collision. Dkt. 49-5 at 7 (Durette Dep. 23:13–25). This conflicting testimony presents questions of fact regarding breach and proximate cause that a jury must resolve. *See Zink*, 369 F.2d at 256.

      The dashcam video evidence has both a limited time and vantage point—it shows only the view in front of Ms. Durette's truck for only five seconds before the collision—so it does not resolve the dispute. The video "clearly captures" only that Ms. Durette was in the left lane for at least five seconds; it does not "blatantly contradict[] [Mr. Smith's] version of the event." *McCottrell*, 933 F.3d at 661 n.9. The video clip therefore does not foreclose a finder of fact from crediting Mr. Smith's testimony that Ms. Durette veered in front of him right before slowing down, dkt. 49-3 at 32 (Smith Dep. 32:10–25); *see Zink*, 369 F.2d at 256 ("That it may also be reasonable to conclude otherwise does not warrant a withdrawal of the issue of defendant's negligence from the jury.").

7

Finally, Ms. Durette argues that Mr. Smith was negligent per se because he pleaded guilty to following too closely in violation of Indiana Code § 9-21-8-14(b). But Mr. Smith's designated evidence shows that he was not cited for that violation, but rather for not having insurance. Dkt. 58-9 (Traffic Citation Ticket). Negligence per se therefore does not apply and a jury must resolve the questions of fact about reasonableness here. *See Holdeman,* 582 N.E.2d at 804; *Zink,* 369 F.2d at 256.

## IV.
## Conclusion

Defendants' motion for summary judgment is **DENIED**. Dkt. [48].

Magistrate Judge Klump is asked to hold a status conference to discuss settlement and trial readiness.

**SO ORDERED.**

Date: 3/28/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel